**\*\* E-filed February 25, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ACS CONTROLS CORPORATION, a California corporation,<br><br>Defendant.<br>_____ / | No. C10-02767 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 10] |

Plaintiff Trustees of the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund ("Trustees") move for default judgment against defendant ACS Controls Corporation ("ACS"). Docket No. 10 ("Mot.") at 1. For the reasons set forth below, the Court recommends that Trustees' motion for default judgment against ACS be granted.

**BACKGROUND**

ACS entered into a National Service and Maintenance Agreement ("NSMA"), which is a collective bargaining agreement, with U.A. Local 393, a labor organization. Docket No. 1 ("Compl.") ¶ 5. Under the NSMA, ACS is required to submit monthly contributions to the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund ("Funds") on behalf of all ACS employees who performed work covered by the collective bargaining agreement during that particular month. Docket No. 13 ("Maraia Decl.") ¶¶ 6-8. These

contributions are to be paid by the fifteenth day of the month following the month in which the work was performed. Maraia Decl. ¶ 8. For any contributions not timely submitted, ACS is required to pay as liquidated damages the sum of twenty percent of the principal contribution for each such contribution that remains unpaid at the time suit is filed. Maraia Decl. ¶ 10.

For the twelve months from September 2009 to August 2010, ACS failed to pay its contributions to the Funds as required by the NSMA. Maraia Decl. ¶ 9. ACS also failed to pay the liquidated damages owed for the same time period. Id. ¶¶ 10-12. Thus, Trustees, on behalf of the Funds, filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, to recover these outstanding payments and liquidated damages. Compl. ¶ 1. ERISA also allows the Funds to recover delinquent payments that came due after the suit was filed in June of 2010. 29 U.S.C. § 1132(g)(2)(C)(ii). Two such payments, for the months of July and August of 2010, were included in the relief requested by Trustees after this suit was filed. Docket No. 11 ("Mem.") at 3. ACS was served with the complaint on July 7, 2010, but has yet to appear in this action. Accordingly, default was entered against ACS on August 31, 2010. Docket No. 7. Trustees thereafter filed the instant motion for entry of default judgment.

## LEGAL STANDARD

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the complaint are taken as true, except those relating to damages. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559

F.2d 557, 560 (9th Cir. 1977); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

A.  Entry of Default Judgment

All of the Eitel factors favor entry of default judgment. Based on its review of the moving papers and supporting declarations, the Court believes that Trustees' claims have merit and are sufficiently pled. See Fair Hous. of Marin, 285 F.3d at 906 (district court is not required to make detailed findings of fact) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990)). Trustees allege that ACS entered into the NSMA with the Funds, but it failed to make its contributions to the Funds as required by the NSMA and the relevant provisions of ERISA. Compl. ¶ 5-6. Due to ACS's default, these liability-related allegations are taken as true. Geddes, 559 F.2d at 560. Consequently, there is no dispute concerning these material facts.

Trustees would also be prejudiced if default judgment was not entered against ACS. ACS has failed to put forth a defense or appear in this action (and there is no indication that its failure is due to excusable neglect), so default judgment against ACS is Trustees' only recourse. And while the policy underlying the Federal Rules of Civil Procedure favors deciding a case on its merits, doing so is not feasible when a defendant does not litigate the case. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). On balance, then, the Eitel factors favor granting Trustees' motion for default judgment.

B.  Relief Requested

Trustees request a total of $61,050.06 in damages, consisting of $47,646.00 in outstanding principal contributions, $11,017.56 in unpaid liquidated damages, $1,956.50 in attorney's fees, and costs of $430.00. Docket No. 16 ("Supp. Decl.") ¶¶ 9-10. After this lawsuit was filed, ACS made principal contribution payments for two months at issue here, (July and August of 2010), but it did not pay the corresponding liquidated damages for those months. Supp. Decl. ¶¶ 5, 7-8. These are the only two payments made to date and they constitute only a fraction of the total amount owed. Maraia Decl. ¶ 12, Ex. 5. After adjusting

for these two late payments, the principal contributions still owed to the Funds amount to $47,646.00 and the liquidated damages are $11,017.56. Supp. Decl. ¶¶ 9-10.[1]

Unlike liability-related allegations, allegations related to damages are not taken as true upon entry of default against a defendant. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes, 559 F.2d at 560. Therefore, Trustees must "prove up" the amount of damages they seek. To calculate the contributions owed, Trustees use a sequence of transmittal forms issued by ACS which show the number of hours worked by covered employees and the resulting contributions that are to be paid to the Funds based on those hours. Maraia Decl. ¶ 8. ACS creates and sends these transmittal forms to the Funds each month and the amounts reflected on the transmittal forms are supposed to be paid by ACS by the fifteenth day of the following month. Id. By totaling the contribution amounts from each monthly transmittal form during the relevant time period, Trustees clearly establish the amount of principal contributions that were not paid. Maraia Decl. ¶ 12. Summation of those totals less the two payments that were made by ACS supports a request for $47,646.00 in outstanding principal contributions. Supp. Decl. ¶ 9. Ms. Maraia's declaration satisfactorily proves the amount of unpaid principal contributions owed by ACS.

The agreement between the Funds and ACS provides for liquidated damages of twenty percent of the principal contribution when the payment is still outstanding at the time the suit is filed. Maraia Decl. ¶ 10; Ex. 4 § 3.06. Under ERISA, the Funds may recover such liquidated damages, both for contributions due and not timely paid before suit was filed and for contributions due and not timely paid after suit was filed. 29 U.S.C. § 1132(g)(2)(C)(ii); see Roofers Local Union No. 81 v. Wedge Roofing, Inc., 811 F. Supp. 1398, 1401-02 (N.D. Cal. 1992) (finding that it would undermine the policy goals of deterring ERISA violations and

---

[1] Trustees initially requested $64,478.51, comprised of $51,743.34 in outstanding principal contributions, $10,348.67 in unpaid liquidated damages, $1,956.50 in attorney's fees, and costs of $430.00. Mem. at 3. The principal contributions total has now been adjusted to reflect the two payments made. The liquidated damages were also adjusted because the transmittal form for July 2010 was incomplete when submitted with the first declaration offered by Ms. Maraia, the Chief Administrator of the Funds. Supp. Decl. ¶¶ 7-9. The completed transmittal for that month was added in the supplemental declaration. The liquidated damages associated with that late payment have now been added to the liquidated damages total.

4

United States District Court
For the Northern District of California

recompensing prevailing plans to require plaintiff to file multiple lawsuits to recover liquidated damages which came due after the complaint was filed). Consequently, since ACS has not paid any liquidated damages, the Funds are entitled to recover liquidated damages in the amount of twenty percent of principal contributions due for September 2009 through August 2010. Again, the transmittal forms from ACS show the principal contribution amounts that came due in each of those months, and the liquidated damages have been calculated based on those amounts. Maraia Decl., Ex. 5. Therefore, because the total principal contributions owed by ACS from September 2009 through August 2010 amounted to $55,087.77, the total amount of liquidated damages is $11,017.56 ($55,087.77 x 0.2 = $11,017.56). Maraia Decl. ¶ 10.

In addition to liquidated damages, ERISA entitles the Funds to recover reasonable attorney's fees. § 1132(g)(2)(D); Operating Eng'rs Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir. 1984). Trustees provide sufficient evidence to support the $1,956.50 sought in attorney's fees, including the number of hours billed and a description of the work done during each billable hour. Renner Decl., Ex. 1. The hourly rate of $215 used to calculate the total is reasonable. Renner Decl. ¶ 4. Trustees also provide an itemized list of the $430.00 in costs that are requested. Renner Decl., Ex. 2.

In sum, Trustees have provided sufficient evidence for the amount of damages, fees, and costs they request pursuant to § 1132(g). The Court thus recommends that the Funds be awarded $61,050.06, consisting of $47,646.00 in outstanding principal contributions, $11,017.56 in unpaid liquidated damages, $1,956.50 in attorney's fees, and $430.00 in costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

**CONCLUSION**

Because all parties have yet to consent to the undersigned's jurisdiction, this Court ORDERS the Clerk of Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly-assigned district court judge enter default judgment against ACS for the total amount of $61,050.06.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED**

Dated: February 22, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:10-cv-02767-HRL Notice has been electronically mailed to:**

Mark Stephen Renner                     mrenner@wmprlaw.com, jchargin@wmprlaw.com